UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

STEPHEN AUBREY MCININCH,

       *Defendant-Appellant.*

No. 01-4962

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-01-20)

Submitted: April 25, 2002

Decided: June 3, 2002

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dennis P. Brumberg, Paul A. Dull, BRUMBERG, MACKEY &
WALL, P.L.C., Roanoke, Virginia, for Appellant. John L. Brownlee,
United States Attorney, Thomas J. Bondurant, Jr., Chief, Criminal
Division, Tara J. Mooney, Third Year Law Intern, Roanoke, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Stephen Aubrey McIninch was found guilty following a jury trial of two counts of maliciously damaging, or attempting to damage, by means of a fire, a building used in or affecting interstate commerce, in violation of 18 U.S.C.A. § 844(i) (West 2000). Finding no reversible error, we affirm.

On appeal, McIninch first contends that the district court erred in denying his motions for a judgment of acquittal on both counts. A reviewing court must uphold a jury's verdict if the evidence, when viewed in the light most favorable to the Government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports McIninch's convictions.

McIninch also claims that the district court abused its discretion in admitting a videotape recreation of a fire occurring at Pebble Creek apartments. Recognizing the potential prejudicial effects of such recreations, we have "established a requirement that video taped evidence purporting to recreate events at issue must be substantially similar to the actual events to be admissible." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 425 (4th Cir. 1996). McIninch contends that the videotape was not substantially similar to the actual event because the light used to simulate the fire was not flickering and the apartment lights were on during the taping. Even assuming, without deciding, that the district court abused its discretion in admitting the videotape, we find that any resulting error was harmless given the overwhelming evidence against McIninch presented at trial. *See Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254, 266 (4th Cir. 1998) (finding that any resulting error from district court's decision to admit a videotape of a burn test in a products liability case was harmless).

Accordingly, we affirm McIninch's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*